UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID B. MALLERNEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00050-JMS-WGH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff David B. Mallernee applied for supplemental security income from the Social Security Administration ("SSA") on January 11, 2012, alleging disability beginning on June 1, 2004. [Filing No. 11-5 at 2.] His claim was denied initially and on reconsideration, and a hearing was held before Administrative Law Ramona Scales (the "ALJ") on November 7, 2013. [Filing No. 11-2 at 22.] The ALJ issued a decision on November 26, 2013, concluding that Mr. Mallernee was not entitled to the requested benefits. [Filing No. 11-2 at 10-17.] The Appeals Council denied his request for review on January 14, 2015, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 11-2 at 2-4.] Mr. Mallernee filed this civil action pursuant to 42 U.S.C. § 405(g), representing himself *pro se* and asking this Court to review his denial of benefits.

**I.**
**STANDARD OF REVIEW**

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires

an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last ... not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Mr. Mallernee was almost thirty-two years old when he applied for disability benefits, alleging an onset date of June 1, 2004. [Filing No. 11-5 at 2.] Mr. Mallernee testified at the hearing that he last worked in 2006 at Great Dane as a general laborer. [Filing No. 11-2 at 26-27.] Mr. Mallernee contends that he is unable to work because of back pain, knee pain, and "not being able to stand or walk for any decent period of time." [Filing No. 11-2 at 29.]

Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ issued a decision on November 26, 2013, concluding that Mr. Mallernee was not entitled to the requested benefits. [Filing No. 11-2 at 10-17.] The ALJ found as follows:

3

- At Step One of the analysis, the ALJ found that Mr. Mallernee had not engaged in substantial gainful activity since January 11, 2012, the application date. [Filing No. 11-2 at 12.]

- At Step Two of the analysis, the ALJ found that Mr. Mallernee "has the following medically determinable impairments: scoliosis/thoracic kyphosis, thyromboctyopenia / idiopathic thrombocytopenia purpura, and irritable bowel syndrome. [Filing No. 11-2 at 12.] The ALJ concluded, however, that Mr. Mallernee "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, [Mr. Mallernee] does not have a severe impairment or combination of impairments." [Filing No. 11-2 at 12.]

- Because the ALJ concluded that Mr. Mallernee did not have a severe impairment at Step Two, as was required for him to be entitled to the requested disability benefits, the ALJ did not proceed to the remaining steps of the sequential analysis. [Filing No. 11-2 at 12-17.]

Mr. Mallernee requested that the Appeals Council review the ALJ's decision, but that request was denied on January 14, 2015, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 11-2 at 2-4.] Mr. Mallernee now seeks relief from this Court. [Filing No. 1.]

## III.
### DISCUSSION

In its entirety, Mr. Mallernee's brief provides as follows:

1) Is the claiment presently unable to perform any substatial activity? exhibit no.1f page 1-4, exhibit no. 18f page 3-4,

2) Is the claiment's impairment "sever?" exhibit no.1f page 1-4, exhibit no. 18f page 3-4,

3) Does the impairment or combonation of impairments meet or exceed one of a list of specific impairments? exhibit no.1f page 1-4, exhibit no. 18f page 3-4,

4) Is the claimantunable to perform his former occupation? exhibit no.1f page 1-4, exhibit no. 18f page 3-4,

5) Is the claimant unable to perform any other work withen the econmy in light of age, education and prior work experience? exhibit no.1f page 1-4, exhibit no. 18f page 3-4,

[Filing No. 13.]

In response, the Commissioner summarizes the relevant evidence and argues that substantial evidence supports the ALJ's evaluation of the medical opinion evidence. [Filing No. 16.] The Commissioner contends that to the extent Mr. Mallernee is arguing that the ALJ improperly gave little weight to his treating physician's opinion, the ALJ sufficiently explained her reasons for doing so. [Filing No. 16 at 9-10.]

Mr. Mallernee did not file a reply brief.

The Court is mindful of the fact that Mr. Mallernee is representing himself *pro se* in this matter. That does not, however, alter the fact that this Court's role is limited to reviewing the ALJ's decision, and making sure that the evidence that was before the ALJ supports that decision. A claimant representing himself still "must present arguments supported by legal authority and citations to the record." *Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011) (citing *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008)). "A generalized assertion of error is not sufficient to challenge an adverse ruling, and undeveloped or unsupported contentions are

5

waived." *Cadenhead*, 410 F. App'x at 984 (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

Mr. Mallernee makes a generalized assertion of legal error and does not develop any arguments regarding how the ALJ's decision is allegedly erroneous. [Filing No. 13.] Instead, Mr. Mallernee lists each of the five steps and then cites the same two exhibits as support for disability at each step. [Filing No. 13 (citing Filing No. 11-7 at 2-5 (Exhibit 1F) and Filing No. 11-10 at 46-47 (Exhibit 18F)).] This general challenge is insufficient, and the Court concludes that Mr. Mallernee has waived any argument of error regarding the ALJ's opinion finding him not to be disabled as defined by the Social Security Act.

The Court did review the two exhibits that Mr. Mallernee cites in his brief—Exhibit 1F and Exhibit 18F. [Filing No. 13.] Both are reports containing opinions from Mr. Mallernee's treating physician, Dr. Nedu Gopala, concluding that Mr. Mallernee is not capable of full-time work. [Filing No. 11-7 at 3; Filing No. 11-10 at 47.] In his decision denying Mr. Mallernee's benefits request, the ALJ gave "little weight" to Dr. Gopala's opinions for the following reasons:

> (Exhibits 1F, 10F, 13F, and 18F). In these forms, Dr. Gopala listed the claimant's sole impairment as Scoliosis Thoracic Kyphosis (Exhibits 1F, 10F, 13F, and 18F). When asked about the claimant's symptoms, Dr. Gopala only answered in October 2011, and that answer was "he says he is not working since 2006". Despite these minor impairments, and no documentation of symptoms, Dr. Gopala goes on to opine to extremely severe functional limitations. Dr. Gopala indicated the claimant's symptoms (unidentified) are frequently severe enough to interfere with the claimant's attention and concentration; that the claimant can walk for 4 blocks before needing rest or experiencing pain, can sit for 30 minutes at one time for a total of one hour total in an 8 hour work day, can stand and/or walk for 15 minutes for a total of 1 hour in an 8 hour work day and the claimant would need to take a 10 minute break from work every 30 minutes (Exhibits 1F, 10F, 13F, and 18F). Dr. Gopala further opined the claimant could only occasionally lift up to 10 pounds; has limitations (unspecified) in reaching, handling or fingering (Exhibits 1F, 10F, 13F, and 18F). On the form dated October 2011, Dr. Gopala also indicated the claimant would miss more than 4 days a month of work (Exhibit 1F). In addition to the discrepancy between the mild diagnosis and failure to document any symptoms related to the claimant's impairments, there are significant discrepancies in comparing these opinions with Dr. Gopala's own treatment records of the claimant. While the doctor does have a treating relationship with

> the claimant, the record reveals that the office visits have been cursory and the doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled. Further, the course of treatment pursued by the doctor has been conservative and minimal, and not consistent with what one would expect if the claimant were as limited as opined by the doctor. Moreover, Dr. Gopala's opinion is inconsistent with the clinical findings and diagnostic results obtained by other examining physicians and treating sources in the record and there is no reconciliation of this fact in either the treatment notes or the opinion evidence. Therefore, the undersigned gives little weight to Dr. Gopala's opinions as they are not supported by or consistent with his own treatment records or history with the claimant and the opinions are contradicted by the balance of the evidence of record.

[Filing No. 11-2 at 16-17.]

It is possible that Mr. Mallernee cited Dr. Gopala's reports because Mr. Mallernee believes that the ALJ violated the well-known "treating physician rule," which "directs the [ALJ] to give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence." *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). If that was Mr. Mallernee's intention, however, the Court must reject such a challenge because he does not acknowledge the ALJ's detailed reasons for giving Dr. Gopala's opinions little weight or argue why the stated reasons were insufficient. "[A] claimant is not entitled to disability benefits simply because [his] physician states that [he] is disabled or unable to work." *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001).

Because Mr. Mallernee has not developed any arguments regarding why the ALJ's decision was erroneous, any such challenges are waived, and the Court must affirm the decision below. Final judgment shall enter accordingly.

### IV.
### CONCLUSION

Mr. Mallernee has presented no legal basis to overturn the Commissioner's decision denying his request for supplemental security income. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: October 22, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

DAVID B. MALLERNEE
2820 S. 13th 1/2th Street
Terre Haute, IN 47802

**Electronic Distribution via CM/ECF:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov